IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES TURPIN, *individually and on behalf of all others similarly situated*,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>HURRICANE EXPRESS, INC. and JONATHAN, LTD.,<br><br>　　　　　　　Defendants. | Case No. 20-cv-00544-GKF-SH |

**<u>ORDER APPROVING CLASS ACTION SETTLEMENT AND FINAL JUDGMENT</u>**

This matter came on for a class settlement fairness hearing on February 13, 2023, pursuant to due prior notice, to determine the fairness and appropriateness of the proposed settlement of the above-styled litigation entered into between the Class Representative and the Class Participants (as those terms, as well as the other terms used herein, are defined in the Settlement Agreement that the parties have filed in this lawsuit [Doc. 47-2]) and defendants Hurricane Express, Inc. and Jonathan, Ltd. (collectively, "Hurricane"). All named parties were present and represented by counsel. No Class Participant appeared.

The Court, having conducted an evidentiary hearing and, after reviewing Plaintiff's Unopposed Motion for Final Approval of Class Settlement and Suggestions in Support, the Settlement Agreement, and all related pleadings and filings, and being fully advised in the premises, finds, orders, and adjudges as follows:

　　　　1.　　　The Court has jurisdiction over the subject matter of the motion for final approval and all matters related thereto pursuant to 28 U.S.C. §§ 1331 and 1367.

　　　　2.　　　The court's jurisdiction extends to all members of the Settlement Classes who have not timely and validly requested exclusion. *See* Fed. R. Civ. P. 23(c)(3).

3. U.S. District Judge John E. Dowdell previously certified in this lawsuit, for settlement purposes only, two Classes described as follows:

> a. **Oklahoma Class** – All individuals who currently or formerly provide(d) transportation services for Hurricane Express, Inc., within the United States from October 23, 2017, to August 12, 2022, who (1) entered into an owner-operator agreement with Hurricane Express, Inc., and (2) entered into a rental agreement with Jonathan Ltd.
>
> b. **Federal Leasing Regulations (FLR) Class** – All individuals who currently or formerly provide(d) transportation services for Hurricane Express, Inc., within the United States from October 23, 2016 to August 12, 2022, who (1) entered into an owner-operator agreement with Hurricane Express, Inc., and (2) entered into a rental agreement with Jonathan Ltd.

And, the Court further ordered that, in order to effectuate the proposed settlement, this action would also be certified, pursuant to 29 U.S.C. § 216(b), as a collective action, on behalf of the following collective:

> **FLSA Collective** – All individuals who currently or formerly provide(d) transportation services to Hurricane Express, Inc., within the United States, between October 23, 2017, and August 12, 2022, who (1) entered into an independent contractor owner-operator agreement (owner-operator agreement) with Hurricane Express, Inc., (2) entered into a rental agreement with Jonathan Ltd., and (3) were classified as independent contractors.

4. Plaintiff Charles Turpin, as well as Defendants Hurricane Express, Inc. and Jonathan, Ltd., have executed a Settlement Agreement dated July 29, 2022, which Settlement Agreement was duly filed with the Court for preliminary approval [Doc. 47-2].

5. Judge Dowdell gave preliminary approval to the proposed class settlement in the amount of $1,500,000.00 ("Gross Settlement Amount") after its terms were presented to the Court by counsel and after the filing of the Settlement Agreement with the United States District Court for the Northern District of Oklahoma. [Doc. 47; Doc. 48]. The record in this case reflects a variety of additional actions by the Court and the parties in the weeks leading up to the class settlement fairness hearing that was conducted in this case on February 13, 2023.

6. Notice of the fairness hearing and the proposed settlement was properly provided to the putative members of the Classes with known valid mailing addresses via U.S. Mail and electronic mail, with both the mailing and emailing of notice having been performed in compliance with the requirements specified in this Court's prior order and in the Settlement Agreement. Judge Dowdell previously approved both the form and method of Notice of class action settlement [Doc. 48]. The undersigned now finds, orders, and adjudges that the notice to the Classes of the settlement fairness hearing was proper and sufficient under applicable laws, including Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, including the Due Process Clause of the United States Constitution, and represents the most practical means of giving notice under the circumstances. Further, each putative member of the Classes was afforded a reasonable opportunity to opt out or object. Accordingly, the Court determines that all Class Participants are bound by this Order Approving Class Action Settlement and Final Judgment ("Final Judgment and Order").

7. The Court further finds that Notice of the fairness hearing and the proposed settlement was properly provided to the members of the FLSA Collective and the Opt-In Plaintiffs are bound by this Final Judgment and Order.

8. Roy Lockwood is the only putative member of the Classes who has validly opted-out of the class settlement. Roy Lockwood is not bound by any of the following provisions of this Final Judgment and Order, and he is not entitled to receive any funds as a result of the settlement.

9. At the settlement fairness hearing, and in preparation for such hearing, the Court considered, among the other matters addressed in this Final Judgment and Order: (a) the fairness, reasonableness, and adequacy of the Settlement Agreement and the class settlement contemplated therein as required under Rule 23(e), taking into account both the Rule 23(e) factors as well as

those articulated by the U.S. Court of Appeals for the Tenth Circuit in *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002); (b) the fairness and reasonableness of the application for Class Counsel Fees and Expenses contained in the motion for final approval; and (c) Defendants' compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1711 *et seq*.

10. The Court also considered the statement of Class Participant, Michael Cranston [Doc. 55], and the objection of Class Participant, Michael Burns [Doc. 56]. Being fully advised in the premises, the Court finds neither filing truly objects to the fairness, reasonableness, and adequacy of the settlement. Rather, the filings are directed to Hurricane's business practices which are at issue in this case. While the Court appreciates the comments of Mr. Cranston and Mr. Burns, to the extent those comments may be considered an objection to the settlement, those objections are overruled. No other Class Participants have objected to the settlement or to the motion for attorney's fees.

11. The Court finds that the class settlement embodied in the Settlement Agreement is proper and is fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and was entered into between Plaintiff Charles Turpin as well as Defendants Hurricane Express, Inc. and Jonathan, Ltd. in good faith and without collusion. The court finds that all *Rutter* factors have been satisfied. The Court specifically finds the plan of allocation and distribution provided for in the Settlement Agreement to be fair and reasonable to the Settlement Classes. The Settlement Agreement and the class settlement provided for thereunder are approved by this Court. The Settlement Agreement having been approved as fair, reasonable, and adequate and in the best interest of the members of the Class Participants, shall be implemented in accordance with its terms.

12. The Court finds that, on August 15, 2022, Defendants Hurricane Express, Inc. and Jonathan, Ltd. served the required notices of the proposed settlement on the appropriate federal and state officials as required under CAFA. As evidenced by Defendants Hurricane Express, Inc. and Jonathan, Ltd.'s submission in [Doc. 49], the notices comply with all applicable requirements of 28 U.S.C. § 1715(b). The court concludes that proper notice of the proposed class action settlement has been given to the appropriate federal and state officials and that Defendants Hurricane Express, Inc. and Jonathan, Ltd. have satisfied their obligations under CAFA and, in particular, Section 1715(b). No objections have been filed by any federal or state official as of February 13, 2023.

13. The Order granting class certification for settlement purposes, previously entered by Judge Dowdell for the purpose of certifying this action as a class action for settlement purposes only [Doc. 48], pursuant to Rule 23 of the Federal Rules of Civil Procedure, is made final and incorporated herein. This matter is, and has been, certified as a class action, for settlement purposes only. Specifically, based on its independent review of the briefing and evidence submitted, as well as the applicable law, this court finds and concludes as follows:

(a) The class of over 1,400 drivers is sufficiently numerous;

(b) There are common questions of law and fact present in this litigation, including whether Hurricane's form agreements with drivers properly characterized the drivers as independent contractors; and (2) whether Hurricane's form agreement improperly assessed charges to drivers.

(c) Mr. Turpin's claims are typical of those of the Classes he seeks to represent.

(d) Mr. Turpin, and class counsel, are adequate representatives of, and have no conflicts with, the Classes.

(e) The common issues identified above predominate over any individual issues.

(f) A class action is a superior method of resolving the claims herein as compared to any other method of adjudication.

14. The Order granting class certification for settlement purposes, previously entered Judge Dowdell for the purpose of certifying this action as a collective action for settlement purposes only [Doc. 48], pursuant to 29 U.S.C. §216(b), is made final and incorporated herein. This matter is, and has been, certified as a collective action, for settlement purposes only. Specifically, based on its independent review of the briefing and evidence submitted, as well as the applicable law, the court finds and concludes that Mr. Turpin and the collective members are "similarly situated" insofar as they are individuals who currently or formerly provided transportation services to Hurricane Express, Inc., within the United States between October 23, 2017, and August 12, 2022, who (1) entered into an owner-operator agreement with Hurricane Express, Inc., (2) entered into a rental agreement with Jonathan Ltd., and (3) were classified as independent contractors.

15. The Court hereby confirms its approval of the terms and conditions contained in the Settlement as to the FLSA Collective. The Court finds and concludes that the terms of the Settlement represent a fair and reasonable resolution of a *bona fide* dispute, and are within the range of possible approval pursuant to the FLSA and applicable law, and contains reasonable award of attorney's fees.

16. The Court has jurisdiction over the subject matter of the motion for final approval and all matters related thereto, including all members of the Settlement Classes who have not timely and validly requested exclusion.

17.    This action is hereby DISMISSED WITH PREJUDICE to the re-filing of same or any portion thereof with respect to Defendants Hurricane Express, Inc. and Jonathan, Ltd. The Court retains jurisdiction to administer the settlement distribution process as contemplated in the Settlement Agreement. The Court also retains jurisdiction to enforce this Final Judgment and Order. The court hereby directs entry of final judgment as to all claims by Plaintiff Charles Turpin, as Class Representative on behalf of the Settlement Class, against Defendants Hurricane Express, Inc. and Jonathan, Ltd. Notwithstanding the jurisdiction that this Court retains, this is a final judgment fully disposing of all claims as to Plaintiff Charles Turpin and Defendants Hurricane Express, Inc. and Jonathan, Ltd. and, therefore, is an appealable order and final judgment.

18.    Each Class Participant is ordered and adjudged to have conclusively released the Released Claims against the Released Parties for the class period applicable to each class. "Released Claims" shall mean:

> any and all claims, demands, causes of action, charges, and grievances, of whatever kind or nature, whether known or unknown, suspected or unsuspected, which Plaintiff and the Class Members now own or hold or have at any time before the Effective Date owned or held against Defendant or any of the Released Parties and which arose out of, are in any way connected to, or that were made or could have been made based on the facts, theories, and claims pled in the Complaint. The Released Claims include, but are not limited to, all wage and hour claims, whether known or unknown, at law or in equity, which Plaintiff and the Class Members may now have or may have as of the execution of this Stipulation under federal, state, or local law, all claims for failure to pay minimum wages under the Oklahoma Minimum Wage Act, 40 Okla. Stat. §§ 1197.1, et seq., all claims for failure to pay for all hours worked under Oklahoma Minimum Wage Act, 40 Okla. Stat. §§ 1197.1, et seq., all claims for failure to pay all wages due at separation timely under the Oklahoma Wage Payment Act, 40 Okla. Stat. §§ 165.1, et seq., all claims for deceptive and unfair trade practices under the Oklahoma Consumer Protection Act, 15 Okla. Stat. §§ 752, et seq.; all claims for constructive fraud and negligent misrepresentation; and all claims for unjust enrichment. For the Opt-In Plaintiffs only, the Released Claims also include any and all claims, known or unknown, under the FLSA, 29 U.S.C. §§ 206, et seq., that were pled or could have been pled based on the factual allegations of the Complaint.

"Released Parties" shall mean:

Defendants, and their present and former parent companies, subsidiaries, divisions, affiliates, successors, predecessors, related companies, and joint ventures, and each of their present and former officers, directors, shareholders, members, agents, employees, insurers, attorneys, accountants, auditors, advisors, representatives, consultants, administrators, trustees, general and limited partners, predecessors, successors and assigns.

19. Plaintiff, in exchange for receipt of the Service Award approved by the Court, shall and does hereby forever release, discharge, and agree to hold harmless the Released Parties from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorney's fees, costs and expenses), known or unknown, at law or in equity, which he may now have or may have at any time prior to the Effective Date, against Defendants arising out of or in any way connected with his alleged employment with Defendants, his contracts with Defendants, including claims alleged in the Complaint, and any and all transactions, occurrences, or matters between the Parties occurring prior to August 12, 2022, as further set forth in Section X (2) of the Settlement Agreement.

20. Each Class Participant is hereby barred and permanently enjoined from prosecuting, commencing or continuing any claim or action on any of the Released Claims, and as to any of the Released Parties, by way of claim, counterclaim, offset, or otherwise.

21. The Court hereby confirms the appointment of TTB Law; Lear Werts LLP; and Roberts, Wooten & Zimmer, LLC as Counsel for the Oklahoma and FLR Classes and the FLSA Collective.

22. Attorney's fees and expenses in the amount of $500,000, which amount equals roughly 33% of the Gross Settlement Amount, is awarded to Class Counsel, said payment to be paid to Class Counsel out of the Gross Settlement Amount. Having review the filings in this matter

and the applicable law, the court finds and concludes that the factors expressed by the U.S. Court of Appeals for the Tenth Circuit in *Gottlieb v. Barry,* 43 F.3d 474, 483 (10th Cir. 1994), weigh in favor of the fee award and the fee award is fair and reasonable.

23. Settlement administration costs in the amount of $15,000 are awarded, said payment to be paid to Settlement Administrator, ILYM Group, Inc., out of the Gross Settlement Amount.

24. The Court hereby confirms the appointment of Charles Turpin as Class Representative of the Oklahoma and FLR Classes and the FLSA Collective.

25. A Service Award in the amount of $10,000 is awarded to Charles Turpin, said payment to be paid out of the Gross Settlement Amount.

26. Distribution of the proceeds from the class settlement shall be made to Class Participants in accordance with the Settlement Agreement previously approved by Judge Dowdell in this action.

27. By agreeing to settle the claims of the Class Participants as to the Released Parties in the Lawsuit, Defendants Hurricane Express, Inc. and Jonathan, Ltd. do not admit, and indeed specifically dispute and deny, both the claims and assertions of Charles Turpin in the Lawsuit and any and all liability to the Classes, the Class Representative, and Class Counsel.

28. The class settlement approved by this Final Judgment and Order is a compromise and settlement of disputed issues over whether this case could ever be validly certified as a class action suit for purposes of a trial on the merits (as opposed to for purposes of settlement), as well as disputed issues over the claims and defenses asserted in this suit. Neither the Court's certification of the Classes, nor the Settlement Agreement (and the settlement provided for therein), nor the carrying out of the class settlement may ever be used by any person or entity for

any purpose in any subsequent litigation against Defendants Hurricane Express, Inc. and Jonathan, Ltd. or any of the other Released Parties for any other purpose, other than to enforce the terms of the Settlement Agreement and this Final Judgment and Order.

29. The Court will separately enter a Judgment and Dismissal of this Action with prejudice consistent with the terms of this Order.

WHEREFORE, the Unopposed Motion for Final Approval of Class Settlement [Doc. 57] of plaintiff Charles Turpin, individually and on behalf of all others similarly situated, is granted.

IT IS SO ORDERED this 13th day of February, 2023.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma